| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for HomeBridge Financial Services, Inc. | **Order Filed on September 28, 2018<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Kenneth Ebbert,<br><br><br>Debtor. | Case No.: 18-19513 CMG<br>Adv. No.:<br>Hearing Date: 7/18/18 @10:00 a.m.<br><br>Judge: Christine M. Gravelle |

# ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: September 28, 2018**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Page 2
Debtor:  Kenneth Ebbert
Case No.:  18-19513 CMG
Caption:  **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, HomeBridge Financial Services, Inc. , holder of a mortgage on real property located at 960 Farmingdale Road, Jackson, NJ, 08527, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Daniel E. Straffi, Esquire, attorney for Debtor, Kenneth Ebbert, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by November 1, 2018 or as may be extended by modified plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee is not to pay the arrears while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make regular post-petition payments in accordance with the loss mitigation order; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if loan modification is unsuccessful, Debtor shall modify the plan to address Secured Creditor's pre-petition arrears, either by curing the arrears, selling the property, surrendering the subject property, or in a manner otherwise permitted by the code; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its right to collect pre-petition arrears in the event loss mitigation negotiations are unsuccessful; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee shall not make disbursements on Secured Creditor's claim while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to pre-petition or post-petition arrears; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.